119 So.2d 94

John J. CASWELL, Chairman of the Orleans Parish Democratic Executive Committee, et al.

v.

Mrs. Ethel HOFT et al.

No. 45119.

March 24, 1960.

Thomas Barr, III, Alden W. Muller, New Orleans, for plaintiffs-appellants.

Carroll Montet, in pro. per., George W. Reese, Jr., Hugues de la Vergne, II, Charles Schwartz, Jr., New Orleans, for defendants-appellees.

FOURNET, Chief Justice.

The plaintiff John J. Caswell, individually as a registered Democrat and in his official capacity as Chairman of the Orleans Parish Democratic Executive Committee, joined by Peter W. Murtes, Salvador Anzelmo, and Rodney A. Buras, as Democratic nominees for the Louisiana House of Representatives—the former from the Thirteenth Ward and the latter from the Seventh—instituted these proceedings seeking to have declared "ineligible to participate as Republican nominees in the General Election to be held April 19, 1960," some twenty named defendants, and from a judgment dismissing their suit on defendants' exception of no cause and no right of action, they prosecute this appeal.

We think the challenge of the appellees to the appellate jurisdiction of this court, in a motion to have the appeal dis-

missed, is well founded. Grace v. Boggs, 220 La. 22, 55 So.2d 768, 769. In that case this court very aptly observed that the jurisdiction of the Supreme Court, "original, appellate and supervisory, is established by Section 10 of Article 7 of the Constitution. The grant of appellate jurisdiction set forth therein is of a limited nature, being confined to seven different classes of cases," and held, in clear and unmistakable language, that an appeal "which involves solely the assertion and enforcement of a political right granted by statute, is not cognizable here under our appellate jurisdiction as defined by Section 10 of Article 7—for, obviously, there is no amount (monetary or something capable of monetary appraisal) in controversy nor does it fall within any of the other types of cases of which we have appellate jurisdiction, even though there be no amount in dispute. Therefore, the appeal properly lies to the Court of Appeal as that Court is vested with general appellate jurisdiction of all cases of which the District Courts have exclusive original jurisdiction and 'of which the Supreme Court is not given jurisdiction * * *.' "

A mere reading of plaintiffs' petition in the instant case readily discloses that this is not an election contest as contemplated by R.S. 18:364, or R.S. 18:1251, but, instead, as in the Grace case, a suit having for its object the disqualification of candidates by reason of their alleged ineligibility.

For the reasons assigned, availing ourselves of the provisions of R.S. 13:4441, it is ordered that this appeal be transferred to the Court of Appeal for the Parish of Orleans, provided the record is filed in that court within two days from the date of this decree; otherwise; the appeal shall be dismissed. The costs incurred in this court shall be paid by the appellants.

SIMON, J., absent.