202 So.2d 247

**Hugh P. LASSEIGNE**

**v.**

**Wade O. MARTIN, Jr., Secretary of State, et al.**

No. 48886.

Aug. 28, 1967.

Bennett & McNeill, J. David McNeill, III, Baton Rouge, for plaintiff-appellant.

Jack P. F. Gremillion, Atty. Gen., Wesley R. Wirtz, Asst. Atty. Gen., David L. French, Sp. Counsel, Anthony J. Bonfanti, Sp. Counsel, Baton Rouge, for defendants-appellees.

HAWTHORNE, Justice.

On August 5, 1967, the Democratic State Central Committee met and issued a call for a primary election to nominate candidates for Governor and other state offices. At this meeting the committee fixed at $600.00 the qualifying deposit or fee for candidates for nomination as Governor in the Democratic primary. On the final date for qualifying, plaintiff-appellant Hugh P. Lasseigne tendered his qualifying papers to qualify as a candidate for nomination by the Democratic party for the office of Governor, together with a deposit or fee of $100.00 in cash. The committee through its chairman refused to permit plaintiff to qualify because he did not tender or submit the $600.00 fee set by the committee.

Plaintiff then instituted these proceedings in the Nineteenth Judicial District Court for the Parish of East Baton Rouge for preliminary injunction and mandamus, naming as defendants Wade O. Martin, Jr., Secretary of State, and Edward M. Carmouche, chairman of the Democratic State Central Committee. He alleged that at its August 5 meeting the Democratic State Central Committee illegally, improperly, unjustly, and unconstitutionally fixed at $600.00 the qualifying deposit or fee for candidates for nomination for Governor in the Democratic primary. He prayed that the Secretary of State be enjoined, restrained, and prohibited "from doing any act or taking any steps in the preparation of ballots or other election paraphernalia and/or materials in connection with the forthcoming Democratic Primary or expending funds therefor until such time as this Honorable Court shall pass upon the validity and constitutionality of the $600.00 qualifying fee or deposit fixed by the Democratic State Central Committee", and prayed also that the Democratic State Central Committee be enjoined, restrained, and prohibited "from imposing a qualifying fee, or deposit, of $600.00; and requiring that it permit the qualification of your petitioner as a candidate for Governor of Louisiana in the Democratic Primary upon the payment of a qualifying fee, or deposit, of $100.00 or such larger amount as this Honorable Court may fix as legal and Constitutional".

In due course the district court rendered judgment denying plaintiff's application for a preliminary injunction and mandamus against the Democratic State Central Committee and its chairman and the Secretary of State, and dismissed the suit at plaintiff's costs. From this judgment plaintiff has appealed to this court.

On the day the transcript of this appeal was filed here, appellant moved for immediate hearing "due to the urgency of this matter", alleging that this court has appellate jurisdiction under Article 7, Section 10(4), of the Constitution of 1921, which confers on this court jurisdiction of appeals in certain cases involving "election contest". On

the basis of this allegation the motion for immediate fixing was granted.

We must first determine whether the appellant is correct in his contention that this court has appellate jurisdiction of this matter.

The appellate jurisdiction of this court is fixed by Article 7, Section 10, of the Louisiana Constitution of 1921, as amended by Act 561 of 1958, which was adopted as a constitutional amendment on November 4, 1958, and became effective on July 1, 1960. Under this constitutional provision five types of cases "only shall be appealable to the Supreme Court"; and unless a case falls within one of these five categories, we do not have jurisdiction of the appeal.

It is readily apparent from a reading of the provision that the instant case does not fall within any of the four types of cases set out in Article 7, Section 10(1), (2), (3), and (5). Appellant has alleged jurisdiction under Article 7, Section 10(4), which reads: "(4) Appealable cases involving election contest, but only if the election district from which the suit or contest arises does not lie wholly within a court of appeal circuit; * * *."

For this court to have appellate jurisdiction under that provision the case must be, first, an appealable case involving an election contest and, second, such a suit or contest arising in an election district which does not lie wholly within a court of appeal circuit. We must therefore decide whether appellant's case is an appealable one involving an election contest.

■ It is a general principle of law that an election contest is purely a constitutional or statutory proceeding which may be authorized by the Legislature subject to constitutional limitations. See 26 Am.Jur. 2d Elections, sec. 316, p. 141; 29 C.J.S. Elections, § 120, p. 339. Our Legislature has authorized such a proceeding, and in our primary election statute has made it clear what an "election contest" is in primary elections. R.S. 18:364 provides:

"A. In elections under this Part all contests shall be made before the courts of the state, as herein prescribed, which courts have the necessary power, authority, and jurisdiction to hear, try, and determine them.

"B. Any candidate for a nomination for any office who claims that but for irregularities or fraud he would have been nominated or that he would have been entitled to enter a second primary and desires to contest the election, shall present a petition to the judge of the district court of the parish in which the capitol of the state is situated, if the office be that of governor * * *.

" * * *

"H. No contest shall be entertained unless brought within two days after the official promulgation of the result of the elec-

tion, made by the secretary of state
* * *."¹

■■ It is clear from these provisions of our law that an election contest under our statute is a claim by a candidate that but for irregularities or fraud he would have been nominated or entitled to enter a second primary as a result of an election which has been held.² The appellant's contention in this case is that the Democratic State Central Committee illegally fixed the qualifying fee at $600.00 and thus prevented his qualifying as a candidate for nomination in an election to be held in the future. Appellant's suit therefore is not an election contest, and this court is without appellate jurisdiction.

In support of his contention that this court has appellate jurisdiction appellant cites and relies on State ex rel. Brewer v. Democratic Second Public Service District Executive Committee, 243 La. 151, 142 So. 2d 378. The issue here before us is whether the instant case is one involving an "election contest" within the meaning of Article 7, Section 10(4), of the Constitution. That is-

sue was not raised in the Brewer case and was not discussed in this court's opinion.. Hence we do not consider that it is authority for the proposition that we have appellate· jurisdiction in the instant case.

The appellees have vigorously urged that this is a strictly political matter and therefore beyond the control and jurisdiction of the judiciary, and have cited authorities in support of their position. Since we do not have appellate jurisdiction of this case, we· cannot pass upon this contention or any oth-- er issue raised on this appeal.

All parties in this case requested that in· the event we found that we lacked appellate· jurisdiction, we transfer the case immediately to the proper Court of Appeal, which we now do with their consent and at their request.

For the reasons assigned the appeal in· this case is ordered transferred forthwith to· the Court of Appeal, First Circuit, All costs incurred in this court shall be borne by appellant.

HAMITER and McCALEB, JJ., absent.

---

1. All controversies arising out of primary election matters are not "election contests". Our primary election statute provides for judicial recourse in certain other such controversies, but the Legislature obviously did not consider these other controversies to be "election contests" because it provided that the procedure in these other controversies is to be as far

as practicable as in election contest cases. See R.S. 18:307, 335.
2. This restricted meaning of "election contest" has been previously recognized by this court. Grace v. Boggs, 220 La. 22, 55 So.2d 768; Caswell, Chairman of the Orleans Parish Democratic Executive Committee, v. Hoft, 239 La. 503, 119 So. 2d 94.