Marjorie C. DALE, Appellant,

v.

GREATER ANCHORAGE AREA BOR-
OUGH, Appellee.

No. 965.

Supreme Court of Alaska.

April 16, 1968.

Marjorie C. Dale, in pro. per.

Victor D. Carlson and Eaic E. Wohl-
forth, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

DIMOND, Justice.

On October 3, 1967, the Appellee, Greater Anchorage Area Borough, held an election. One measure voted on was Proposition A which related to the approval or disapproval of the Borough incurring a $20,000,000 indebtedness for sewerage treatment facilities. The Borough assembly met on October 5, 1967, to canvass the election returns. The results of the election showed 4,041 votes in favor of Proposition A, and 3,986 votes, against.

On November 27, 1967, Appellant commenced this action seeking a declaration that the election was invalid, and that any indebtedness incurred in reliance on the election was not binding or enforceable. In her complaint Appellant alleged that a quorum was not present at the October 5, 1967, meeting where the election returns were canvassed, that subsequent to that meeting she discovered that certain unqualified voters had been allowed to vote and that certain qualified voters had been denied the opportunity to vote, and that irregularities in the election were of such magnitude that the results of the election could have been different and Proposition A could have been defeated. The court below dismissed Appellant's complaint for failure to state a claim upon which relief could be granted, and this appeal followed.

In the case of Turkington v. City of Kachemak,[1] which involved an election contest growing out of an attempt to incorporate the community of Kachemak as a third class city, we stated as follows:

> Article V, section 3 of the constitution provides in part:
>
> " * * * The procedure for determining election contests, with right of appeal to the courts, shall be prescribed by law."

* * * [T]he legislature has not fully implemented this provision by providing for the contest of local elections. This, in our view, is not fatal to jurisdiction to hear and decide a local contest. The constitution clearly recognizes that there shall be a right to contest elections. It also specifically provides that there shall be access to the courts to determine such contests. The fact that the legislature may not have specifically provided for any preliminary administrative determination of local election contests before resort could be had to the courts is not of grave consequence. Since no procedure had been prescribed by the legislature for getting the contest before the courts, appellants followed the procedure provided for contesting state elections. We find this to have been a reasonable method of getting the matter before the court and that the jurisdiction of the court to hear the matter is recognized by the constitution. [Footnotes omitted]

The legislature still has not provided for preliminary administrative determination of local election contests before resort may be had to the courts. But the Greater Anchorage Area Borough has. Chapter 7 of the Borough's Code of Ordinances provides in part as follows:

Sec. 7–26. CONTEST OF ELECTION.

(A) Any candidate or any ten registered qualified voters may contest the election of any person and the approval or rejection of any question or proposition upon on [sic] or more of the following grounds:

1. Malconduct, fraud, or corruption of an election official sufficient to change the result of the election.

2. The person elected is not qualified under law or ordinance.

3. Existence of a corrupt election practice as defined by the laws of the State of Alaska.

(B) The candidate or one or more of the voters initiating a contest shall

---

1. 380 P.2d 593, 596 (Alaska 1963).

appear before the assembly at the meeting held to canvass the election returns, and there shall deliver to the assembly a written notice of contest. The notice shall state the grounds of contest in detail, shall be signed under oath by the candidate or voter filing it, and shall be in substantially the following form:

NOTICE OF ELECTION CONTEST

The undersigned contest the regular (or special) election of the Greater Anchorage Area Borough held on the —— day of ———— on the following grounds: * * *.

(C) Upon receiving a notice of contest, the assembly shall order an investigation by the borough chairman, to be made with the assistance of the clerk and borough attorney. Those contesting the election, those whose election is contested, and the public shall be allowed to attend all investigation and recounting proceedings * * *. After considering the reports of the investigating officials and any other proof, the assembly shall determine whether any illegally cast votes could have affected the election results. If they could not have, the assembly may so declare and determine the election valid. If the contest involves other prohibited election practices which are shown to have taken place, the assembly in canvassing the election returns shall exclude the vote of the precincts where such practices occurred. If it is determined that such exclusion could not affect the election results, the assembly shall declare the election valid.

Sec. 7–27. CANVASS REPORT; CERTIFICATES OF ELECTION.

(A) * * * If the assembly concludes that the election is not valid, it shall order another election.

■ It is true that this ordinance does not specifically provide that the foregoing procedure must be followed prior to seeking relief in the courts. But such is implicit in the administrative requirements, for there would be no reason to follow the administrative procedure for contesting an election after one had brought a court action seeking to have the election declared invalid. And the ordinance is binding and effective even though it is not a law enacted by the state legislature for the regulation of local election contests. The legislature has given the borough broad power to prescribe general rules for the conduct of borough elections,[2] and this includes the power to make provisions for the contest of elections.

■ It is generally held that election contests are purely statutory and dependent upon statutory provisions for their conduct,[3] and that the failure of a contestant to observe strict compliance with the statuory requirements is fatal to his right to have an election contested.[4] The reason for this, as expressed by one court, is that public policy demands that election results have stability and finality.[5]

■ We apply the foregoing rule to this case. Appellant at no time delivered to

---

2. AS 07.30.040 provides:
   The assembly shall prescribe the general rules for the conduct of the borough election.

3. Longshore v. City of Homewood, 277 Ala. 444, 171 So.2d 453, 455 (1965); Fish v. Redeker, 2 Ariz.App. 602, 411 P. 2d 40, 43 (1966); Alden v. Superior Court, 212 Cal.App.2d 764, 28 Cal.Rptr. 387, 390 (1963); Lyon v. Holbrook, 316 S.W.2d 862, 863 (Ky.1958); Lasseigne v. Martin, 250 La. 1073, 202 So.2d 247, 248 (1967); State ex rel. Conaway v. Consolidated Sch. Dist. No. 4, 417 S.W.2d 657, 659 (Mo.1967).

4. Graham v. Swift, 123 Colo. 309, 228 P. 2d 969, 974 (1951); Doelling v. Board of Educ., 17 Ill.2d 145, 160 N.E.2d 801 (1959); Hancock v. Lewis, 265 Minn. 519, 122 N.W.2d 592, 594 (1963); Sutton v. Anderson, 176 Neb. 543, 126 N.W.2d 836, 838–839 (1964); Montoya v. McManus, 68 N.M. 381, 362 P.2d 771, 774 (1961); McCall v. Board of Educ., 169 Ohio St. 50, 157 N.E.2d 351, 353 (1959).

5. Curry v. Dawson, 238 Ark. 310, 379 S.W. 2d 287, 289 (1964).

the borough assembly a written notice of contest of the election as required by borough ordinance. Compliance with this requirement of the ordinance was a condition precedent to Appellant's invoking the power of the court to have the election declared invalid. Since Appellant has not met that condition, her complaint failed to state a claim upon which relief could be granted, as the court below correctly held.

Appellant was required by ordinance to deliver her written notice of contest to the borough assembly at the meeting held to canvass the election returns, which was October 5, 1967. At that meeting a quorum of the assembly was not present—there being only 5 out of 11 members in attendance. Appellant argues that since there was not a quorum of the assembly present, no official action could be taken by the assembly and she was thus relieved of her obligation to deliver her notice of contest to the assembly in these circumstances.

Such an argument is untenable. The receipt by the assembly of a notice of contest of election is a purely ministerial act and the presence or absence of a quorum does not affect, one way or the other, the effectiveness of the delivery of such a notice.[6] The ordinance neither provides nor suggests that the obligation of one to deliver a notice of contest to the assembly at a particular time is contingent upon the presence of a quorum of the assembly at such time.

Appellant's final point is that the court below committed reversible error in awarding the borough $700.00 in attorney's fees. We find no error. The matter of awarding attorney's fees to the prevailing party as part of the costs of an action is committed by rule to the broad discretion of the trial court.[7] Considering the record in this case and the character of the liti-

gation, we are not convinced that the trial court's award of attorney's fees in the amount of $700.00 was an abuse of discretion.

The judgment is affirmed.

6. See People ex rel. Woods v. Green, 265 Ill. 39, 106 N.E. 504, 506 (1914).

7. Civ.R. 82(a). McDonough v. Lee, 420 P.2d 459, 465 (Alaska 1966).