**Robert H. BOHM, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 950.**

Supreme Court of Alaska.

April 18, 1969.

James K. Tallman, Anchorage, for appellant.

Robert Opland, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

OPINION

PER CURIAM.

Appellant was a state prisoner. In July 1964 he was riding in the back of a state truck while being transported from the state prison farm in the Matanuska Valley to the City of Anchorage. He alleged in the first claim of his complaint against appellee that because of negligent operation of the truck by the driver, appellant was thrown about the interior of the back of the truck and his left hip was injured. In the second claim of his complaint, appellant alleged that too soon after he had had an operation on his left hip, the state required him to make a rough ride on a loaded lumber truck from Anchorage to the prison

6. Mitchell v. Knight, 394 P.2d 892, 897 (Alaska 1964).

farm, and that this caused the incision in his hip to rupture which resulted in the development of an ulcerated condition consisting of festering and sores on his left leg. This damage, as well as the original injury to his left hip, appellant claims was the result of appellee's negligence, and he sought compensatory damages in the amount of $250,000.

The case was tried by the court without a jury. At the close of appellant's case, appellee moved for "judgment upon the plaintiff's case for the reason that the plaintiff has wholly failed to show any act of negligence on the part of the State or any of its agents." The trial judge treated the motion as one to dismiss under Civil Rule 41(b).[1] The judge dismissed the first claim because "the negligence if any of the defendant was not the proximate cause of the present injury of this plaintiff." He dismissed the second claim because he could not "find any negligence of the State to be the proximate cause of this * * *

swelling." From a judgment of dismissal, this appeal was taken.

■ The judgment of dismissal was entered under Civil Rule 41(b). Since the dismissal was not for lack of jurisdiction or for improper venue or for lack of an indispensable party, and since the court did not specify that the dismissal was not an adjudication upon the merits, the judgment was on the merits and the court was obliged to make findings of fact as provided in Civil Rule 52(a).[2]

As to the necessity for making adequate findings we said in Dickerson v. Geiermann:[3]

It is the duty of a trial court to deal adequately with and state with clarity what it finds as facts and what it holds as conclusions of law. The findings and conclusions should be so explicit as to give this court a clear understanding of the basis for the decision made.

That requirement was not met in this case. No findings of fact as such were made.

1. Civ.R. 41(b) provides in part:
   After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

2. Civ.R. 41(b) provides in part:
   If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). A dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party does not operate as an adjudication upon the merits. Any other dismissal not provided for in this rule and a dismissal under this subdivision operates as an adjudication upon the merits, unless the court in its order for dismissal otherwise specifies.
   Civ.R. 52(a) states in part:
   In all actions tried upon the facts without a jury or with an advisory jury,

the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b).

In Jefferson v. Greater Anchorage Area Borough, Opinion No. 536, 451 P.2d 730 (Alaska 1969), we held that a dismissal of a complaint in the case of Dale v. Greater Anchorage Area Borough, 439 P.2d 790 (Alaska 1968), operated as an adjudication upon the merits under Civil Rule 41(b), but that no findings of fact or conclusions of law were required. The situation in the *Dale* case is distinguishable from the one here. In *Dale* no evidence had been presented when the dismissal took place, so that there was nothing upon which to base findings of fact. In this case evidence had been presented by the appellant when the motion for dismissal was made, and findings could and should have been made based upon such evidence.

3. 368 P.2d 217, 219 (Alaska 1962).

There is a transcript of an oral decision where the judge, in ruling on appellee's motion for dismissal, commented on some of the evidence and reached the conclusions mentioned above as to proximate cause. But it is not possible to determine with any certainty from the oral decision what facts were found by the court, and as a result the conclusions made serve no useful purpose.[4]

The case must be remanded for the purpose of making adequate findings of fact and conclusions of law, including findings as to the court's judgment of the credibility of appellant and his witnesses. Credibility is important because appellant testified that the injury to his hip occurred when he was riding on the state truck, and we said in Rogge v. Weaver [5] that in ruling on a Civil Rule 41(b) motion to dismiss, the court should not disregard, discount or consider inherently improbable or suspicious testimony of a party to the case in the absence of conflicting proof, or of circumstances justifying doubt as to the truth.

It is necessary to comment on one aspect of appellant's brief. Supreme Court Rule 11(a) (4) provides that the brief shall contain "A concise statement of the case containing all that is material to the consideration of the questions presented, with appropriate references to page numbers of the record." Appellant's brief contains a rather extensive "statement of the case", with references to page numbers of the record. But in checking the statements of fact against the record references, we have discovered that in numerous instances the facts are either in error, are misstated or are distorted. The result is that the statement of the case, which is supposed to be of assistance to the court, is of no value whatsoever.

Appellant's counsel had a particular obligation to adequately brief his case so as to be of assistance to this court. That was not done. The presentation of a brief with numerous inaccuracies in the statement of the case tends to obstruct the administration of justice.[6]

The case is remanded with directions to the trial judge to make findings of fact and conclusions of law in compliance with Civil Rules 41(b) and 52(a) and in conformity with the views expressed in this opinion. In the meantime jurisdiction of this appeal is retained by this court.

4. Stock & Grove, Inc. v. City of Juneau, 403 P.2d 171, 176 (Alaska 1965).

5. 368 P.2d 810, 815 (Alaska 1962).

6. Veal v. Newlin, Inc., 367 P.2d 155, 157 (Alaska 1961).