**Hugh H. CONNELLY, Appellant,**

**v.**

**Vincent PEEDE and Elizabeth Peede, Appellees.**

**No. 1099.**

Supreme Court of Alaska.

Sept. 26, 1969.

Stephen S. DeLisio, and Edward A. Merdes of Merdes, Schaible, Staley & De-Lisio, Fairbanks, for appellant.

Warren A. Taylor, Fairbanks, for appellees.

Before NESBETT, C. J., and DIMOND, RABINOWITZ, BONEY, and CONNOR, JJ.

PER CURIAM.

The single specification of error presented in this appeal concerns the amount of attorney's fees which the trial court awarded to appellant Hugh H. Connelly.

Civil Rule 82(a) (1) provides in part that:

> Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.[1]

In resolving questions as to the correctness of an award of attorney's fees made under Civil Rule 82, this court has consistently held that the trial court is vested with broad discretion in such matters, and that abuse of such discretion must be shown before the court's award will be disturbed.[2] Our study of the record has

---

1. Subsection (2) of Civ.R. 82(a) reads:
   In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

2. In Davidsen v. Kirkland, 362 P.2d 1068, 1070 (Alaska 1961), it was stated in regard to the award of attorney's fees that, "The trial judge has a large discretion in this respect, and this court is reluctant to interfere with his determination." In Preferred Gen. Agency of Alaska, Inc. v. Raffetto, 391 P.2d 951, 954 (Alaska 1964), we said that in cases of this nature review is limited "to the question of whether the court exceeded the bounds

of the broad discretion vested in it." More recently in Froelicher v. Hadley, 442 P.2d 51, 53 (Alaska 1968), in holding that the trial court did not abuse its discretion in its award of attorney's fees, we said, "It would be necessary to show that what he did was manifestly unreasonable before there would be an abuse of discretion." Accord, Dale v. Greater Anchorage Area Borough, 439 P.2d 790, 793 (Alaska 1968), where we said, "The matter of awarding attorney's fees to the prevailing party as part of the costs of an action is committed by rule to the broad discretion of the trial court."

In Preferred Gen. Agency, Inc. v. Raffetto, id., this court said that:
   The purpose of Civil Rule 82 in providing for the allowance of attorney's

failed to disclose any abuse of discretion on the trial court's part. We, therefore, affirm the $1,300 attorney's fee which appellant was awarded.

In the superior court, appelles instituted suit against appellant, John Lucking (an Alaska State Trooper), and Harry Wilson. Defendant Wilson was the owner of a trailer which was stolen from him in Anchorage and later sold to the appellees. Subsequently, Wilson ascertained the location of the trailer and then obtained a search warrant from appellant in his capacity as district judge. Acting pursuant to the warrant, Trooper Lucking seized the trailer from appellees. The trailer was then returned to defendant Wilson. On essentially these facts appellees sued appellant, Lucking, and Wilson for abuse of process and the commission of acts amounting to reckless indifference to the rights of appellees.

Shortly after appellees commenced their action, the Attorney General of the State of Alaska entered an appearance on behalf of appellant and Trooper Lucking. Appellant also retained private counsel to represent him in the case.[3] Approximately one year and one-half later the case was tried to the court without a jury and a judgment entered in favor of appellant. Prior to the entry of judgment, appellant moved, pursuant to Civil Rule 82(a) for an award of attorney's fees in the amount of $4,646.91.[4]

As indicated at the outset, examination of the entire record has not left us with the firm conviction that the trial judge committed an abuse of discretion in the manner in which he administered Civil Rule 82(a). Study of the record indicates that the great bulk of the litigation before the superior court, which spanned approximately one year and one-half, was handled by the attorney general on behalf of appellant. Upon consideration of the character of the issues involved in this litigation, and the respective roles played by both the attorney general and private counsel in representing appellant, we cannot find that the trial court erred in awarding appellant an attorney's fee in the amount of $1,300.

---

fees is to partially compensate a prevailing party for the costs to which he has been put in the litigation in which he was involved.

In McDonough v. Lee, 420 P.2d 459, 465 (Alaska 1966), we affirmed *Raffetto's* statement as to the rationale behind Civ. R. 82(a).

3. Within a few days of the attorney general's appearance, the firm of McNealy & Merdes filed an appearance on behalf of appellant.

4. In support of the motion's assertion of the reasonableness of the requested amount of attorney's fees, appellant filed a copy of the statement he had received from his private counsel. This statement disclosed a detailed breakdown of the legal services rendered to appellant and sought the sum of $4,465 for professional services rendered at the rate of "70 Hours at $30.00 Per Hour, 15.5 Hours at $40.-00 Per Hour and Five full days of Trial at $350.00 Per Day."