D. P. HOBLIT and Marilyn Hoblit,
Appellants,

v.

GREATER ANCHORAGE AREA BOR-
OUGH, Appellees.

No. 1214.

Supreme Court of Alaska.

Aug. 17, 1970.

Karl S. Johnstone, Nesbett & Johnstone, Anchorage, Eugene H. Tepley, Denver, Colo., for appellants.

Theodore M. Pease, Jr., Burr, Pease & Kurtz, Anchorage, for appellees.

OPINION

Before DIMOND, RABINOWITZ, and CONNOR, JJ.

RABINOWITZ, Justice.

Appellants seek a reversal of the superior court's affirmance of the Greater Anchorage Area Borough's 1966 tax assessment against their property located at Fifth Avenue and D Street in Anchorage, Alaska. In this appeal, appellants raise three issues: whether the Hoblit Building, the property in question, should have been

accorded a 20 percent earthquake decrement; whether the appraisal of the Hoblit Building was too high relative to certain other purportedly comparable buildings located in Anchorage or to its historical cost, reproduction cost, and depreciation; and whether the superior court erred in awarding appellee attorney's fees against appellants.

The main thrust of appellants' argument concerning the borough's failure to allow an earthquake decrement is that the borough's actions were arbitrary and discriminatory. Additionally, appellants assert that the borough assessor lacked authority to grant any earthquake decrements.

The Constitution of the State of Alaska provides that "Standards for appraisal of all property assessed by the State or its political subdivisions shall be prescribed by law."[1] By statute, first and second class boroughs "shall assess * * * in the manner provided for first class cities."[2] Property in first class cities is to be "assessed at its full and true value in money, as of January 1 of the assessment year. * *"[3] It is further provided that the assessments must be "equal and uniform and based upon the actual value of the property assessed."[4]

■■■ The record discloses that the earthquake decrement zones which were established by the borough assessor were based on market value losses rather than geological instability of the land.[5] Appellants presented no evidence that the market value of their property was adversely affected by alleged geological instability, and the borough presented evidence that it was not. Since AS 29.10.396 requires that property be assessed at its full and true value in money, we conclude that the decrement zones established by the borough assessor were based upon rational, not arbitrary, grounds. On the evidence presented, we further hold that the trial court correctly concluded that the Hoblit Building was not entitled to an earthquake decrement for tax assessment purposes since there was an absence of evidence indicating that its market value was reduced.

As indicated previously, appellants also advance the contention that the borough assessor lacked authority to grant earthquake decrements, because the procedures prescribed by the natural disaster statute were not followed. That statute reads in part as follows:

(a) The council may provide for a reassessment and reduction of taxes for property destroyed, damaged or otherwise reduced in value as the result of a natural disaster.

(b) A reassessment may be made by the assessor only upon the receipt of a sworn statement of the taxpayer that his losses exceed $1,000. A reduction of taxes shall be made only on losses in excess of $1,000 for the remainder of the year following the disaster. Upon reassessment the tax shall be recomputed and refunds shall be granted when taxes have already been paid.[6]

■■■ Appellee borough takes the position that this statute applies only to the tax year during which the disaster takes place (the relevant year being 1964), and that the assessor is empowered to reduce assessments in later years where the results of disasters have reduced market value.[7] We think the borough's analysis is correct.

1. Alaska Const. Art. IX § 3.

2. AS 07.15.320(a).

3. AS 29.10.396. This statute also requires the assessor to "value the property at a sum which he believes it is fairly worth in money at the time of the assessment."

4. AS 29.10.375(b).

5. Appellants argue that since the land upon which their building is situated was as geologically unstable as some of the land in the decrement zone, they were entitled to a decrement under the Equal Protection and Due Process Clauses.

6. AS 29.10.397.

7. AS 29.10.396 requires property to be assessed "at its full and true value in money, as of January 1 of the assessment year. * * *"

We hold that the borough assessor had the power to grant earthquake decrements.

Appellants next argue that the assessment of the Hoblit Building was too high relative to other comparable buildings, and too high in light of its historical cost, reproduction cost, and depreciation. In short, appellants contend that the assessment of the Hoblit Building was unequal, discriminatory, and tantamount to a fraudulent imposition upon appellants of an unfair share of the tax burden.

In Twentieth Century Investment Company v. City of Juneau,[8] we said:

> The equal protection clause does not prohibit inequality in taxation which is not shown to be the result of an intentional or systematic undervaluation of some but not all of the taxed property in a single class.[9]

Answering arguments which paralleled those advanced by appellants in the case at bar, we also said in the *Twentieth Century* case that differences in construction materials between given structures

> are obvious distinctions, sufficient to warrant the difference in treatment accorded by the assessor, and to nullify the charge that his actions were arbitrary and resulted in a lack of uniformity. The equal protection clause does not compel the adoption of an iron rule of equal taxation; it does not forbid differences in tax burdens founded upon substantial and reasonable differences between the objects taxed. The two build-

ings are so dissimilar in size, age and basic construction that it would be entirely reasonable for the assessor to use different factors in computing reconstruction cost and depreciation, and thus achieve substantial equality and fair equivalence—important consideration in determining the presence or absence of arbitrary discrimination. The Company did not carry its burden of showing the lack of a conceivable basis that would sustain the different valuations of the two buildings.[10]

In the case at bar, there was ample evidence presented in explanation of the different assessments accorded the buildings alleged to be comparable. The record contains credible evidence substantiating the borough's 1966 assessment of the Hoblit Building. The borough had discretion to appraise by whatever recognized method of valuation it chose, so long as there was no fraud or "clear adoption of a fundamentally wrong principle of valuation."[11] We are persuaded that neither have been shown here.

Appellants' last point is that "an unsuccessful plaintiff seeking redress from his government should not be subjected to fees of government counsel."[12] It would be unwise for us to decide this novel constitutional issue on such sparse briefing.[13]

Affirmed.

BONEY, C. J., not participating.

8. 359 P.2d 783 (Alaska 1961).

9. *Id.* at 785 (footnote omitted).

10. *Id.* at 786 (footnotes omitted).

11. *Id.* at 788.

12. Without citation of any case authority, appellants argue in five conclusory sentences that any rule or statute which requires payment of counsel fees to government counsel in an action begun by a citizen is in violation of the Privileges and Immunities, Due Process, and Equal Protection Clauses of the United States Constitution.

13. In *Dale v. Greater Anchorage Area Borough*, 439 P.2d 790, 793 (Alaska 1968), we upheld an award of counsel fees to the Greater Anchorage Area Borough.