**Benjamin T. DELAHAY, Jr., Appellant,**

v.

**STATE of Alaska et al., Appellees.**

**No. 1252.**

Supreme Court of Alaska.

Nov. 2, 1970.

Stephen S. DeLisio, of Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellant.

G. Kent Edwards, Atty. Gen., Juneau, Robert J. Mahoney, Asst. Atty. Gen., Anchorage, for appellees.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

RABINOWITZ, Justice.

This appeal raises questions concerning the legality of appellant Benjamin T. Delahay, Jr.'s termination as a District Judge of the State of Alaska, as well as issues pertaining to the validity of Arthur L. Robson's subsequent appointment to appellant's seat on the district court. The superior court declared appellant's termination lawful and further concluded that Judge Robson's appointment was in accordance with law. We affirm the superior court's judgment.

The Alaska Constitution vests "The judicial power of the State * * * in a supreme court, a superior court, and the courts established by the legislature."[1] Judges of courts other than the supreme court and the superior court are to be "selected in a manner, for terms, and with qualifications prescribed by law."[2] In 1959, Alaska's first state legislature established a third tier of courts denominated the district magistrate court. Under this legislation, district magistrates were to be appointed by the presiding judges of the superior court for their judicial district. All

---

1. Alaska Const. art. IV, § 1.

2. *Id.* at § 4.

district magistrates so appointed served "at the pleasure" of the presiding superior court judges.[3] In 1966, the legislature changed the name of this court to "District Court."[4] Another 1966 act amended the provision pertaining to retention of district judges. The statutory language providing that district judges "shall serve at the pleasure of such presiding judge" was deleted, effective January 1, 1968.[5] Appointive powers remained in the presiding judges of the superior court. Concerning the terms of office of district judges, as of January 1, 1968, all district judges were required to submit themselves periodically to the electorate of their respective judicial districts for approval or rejection.[6] Under this same 1966 act, the term of every district judge "sitting on September 1, 1967, expires when an appointment to his position is made under this section"; appointments were to be made by the presiding superior court judges by January 1, 1968.[7]

In 1967, the legislature withdrew the power of presiding superior court judges to appoint district judges, except for temporary acting district judges.[8] The existing appointive system was replaced by one in which the Governor was to appoint district judges from among nominees provided by the judicial council.[9] Under the 1967

3. SLA 1959, ch. 184, § 12, formerly codified as AS 22.15.170.

4. SLA 1966, ch. 24, § 1, codified as AS 22.15.010, and SLA 1966, ch. 24, § 3.

5. SLA 1966, ch. 138, § 2, amending AS 22.15.170.

6. SLA 1966, ch. 138, § 1. This section reads:
Section 1. AS 15.35 is amended by adding new sections to read:
Sec. 15.35.100. *Approval or rejection of district judge.* (a) Each district judge shall be subject to approval or rejection at the first general election held more than one year after his appointment under the provision of AS 22.15.170. If approved, he shall thereafter be subject to approval or rejection in a like manner every fourth year.
(b) The district judge shall seek approval in the judicial district in which he was originally appointed, or in the district where he has served the major portion of his term. The district judge shall designate on his declaration of candidacy the judicial district in which he was appointed, or the district where he has served the major portion of his term.
Sec. 15.35.110. *Filing declaration by district by district judge.* Each district judge seeking to succeed himself to office shall file with the secretary of state a declaration of candidacy not less than 90 days before the date fixed for the general election at which approval or rejection is requisite.
Sec. 15.35.120. *Requirement of filing fee for district court candidate.* At the time the declaration is filed, each candidate for the district court shall pay a filing fee of $30 to the secretary of state.
Sec. 15.35.130. *Placing name of district judge on ballot.* The secretary of state shall place the name of the district judge who has properly filed a declaration of candidacy on a separate nonpartisan judicial districtwide ballot for the general election at which approval is sought.

7. SLA 1966, ch. 138, § 3. This section reads:
Beginning September 1, 1967, the presiding judge of the superior court in each judicial district shall accept applications for all positions as district judge in his judicial district with all appointments to be made before January 1, 1968. All interested persons including district judges sitting on September 1, 1967 may apply. The term of a district judge sitting on September 1, 1967 expires when an appointment to his position is made under this section.

8. SLA 1967, ch. 117 § 2, repealing and reenacting AS 22.15.170.

9. *Id.* Alaska Const. art. IV, § 8 provides:
*Judicial Council.* The judicial council shall consist of seven members. Three attorney members shall be appointed for six-year terms by the governing body of the organized state bar. Three non-attorney members shall be appointed for six-year terms by the governor subject to confirmation by a majority of the members of the legislature in joint session. Vacancies shall be filled for the unexpired term in like manner. Appointments shall be made with due consideration to area representation and without regard to political affiliation. The chief justice of the supreme court shall be ex officio the seventh member and chairman of the judicial council. No member of the judicial council, except the chief justice, may hold any other office or position of profit under the United States or the State. The judicial

act, the terms of all district judges sitting on September 1, 1968, were to end when the governor made appointments to their positions, which he was required to do before January 1, 1969.[10]

Appellant was appointed by the presiding judge of the Superior Court of the Fourth Judicial District on November 20, 1967, pursuant to the 1966 act. Thereafter, the governor purportedly made an appointment to appellant's position on December 30, 1968, pursuant to the 1967 statute. In January of 1969, Judge Hepp, then presiding Superior Court judge of the Fourth Judicial District, informed appellant that his commission expired at the end of that month.

In this appeal, appellant contends that the superior court's decision was erroneous because by January of 1969 Judge Hepp lacked authority to order the appellant's termination as district judge; that SLA 1967, chapter 117, section 3, which purported to terminate appellant as district judge, was unconstitutional; that under the Alaska Constitution appellant was not removable as district judge; and even if SLA 1967, chapter 117, section 3 was found constitutional, appellant was entitled to retain his office as district judge because the state failed to comply with governing statutory requirements in the selection of his successor.

■ In regard to appellant's first specification of error, we believe appellant's position is correct. The relevant statute originally provided that district judges

"shall serve at the pleasure of such presiding judge."[11] In 1966, the legislature amended Alaska's Election Code to provide for the retention or rejection of district judges by the electorate. This portion of the 1966 act was made effective January 1, 1968, and from that time on district judges were to serve subject to periodic approval or rejection of the voters in their judicial districts.[12] In light of the foregoing, it follows that by January 1969 Judge Hepp, the presiding Superior Court judge of the Fourth Judicial District, had lost his authority to remove or terminate appellant as a district court judge.

■ This brings us to a consideration of appellant's second specification of error. Here appellant argues that section 3, chapter 117, SLA 1967 is unconstitutional in so far as it purported to terminate appellant as a district judge. As mentioned previously, in 1967 the legislature withdrew from the presiding superior court judges the power to appoint district judges except for the category of temporary acting district judges. In place of the former system of selection, the legislature provided that:

> Beginning September 1, 1968 the Alaska Judicial Council shall accept applications for all positions as district judge with all appointments to be made before January 1, 1969. * * * *The term of a district judge sitting on September 1, 1968, continues until an appointment to his position is made under this section, * * **.[13] (emphasis added)

council shall act by concurrence of four or more members and according to rules which it adopts.

10. SLA 1967, ch. 117, § 2 provided in part that:
   The governor shall fill a vacancy in an office of district judge by appointing one of two or more persons nominated by the judicial council.
   Section 3 of this act further provided:
   Beginning September 1, 1968 the Alaska Judicial Council shall accept applications for all positions as district judge with all appointments to be made

before January 1, 1969. All interested persons including district judges sitting on September 1, 1968 may apply. The term of a district judge sitting on September 1, 1968, continues until an appointment to his position is made under this section, regardless of his qualifications under AS 22.15.160(a).

11. SLA 1959, ch. 184 § 12, formerly AS 22.15.170.

12. SLA 1966, ch. 138.

13. SLA 1967, ch. 117, § 3. Appellant was appointed to the district court on Novem-

Appellant contends that this statute contravenes the provisions of article IV, section 4 of the Alaska Constitution which says:

> Supreme court justices and superior court judges shall be citizens of the United States and of the State, licensed to practice law in the State, and possessing any additional qualifications prescribed by law. Judges of other courts shall be selected in a manner, for terms, and with qualifications prescribed by law.

Appellant reads the second sentence of this provision to mean that the term of a district judge must be the one designated by the legislature at the time of his appointment, and cannot be changed later. More specifically, appellant argues that at the time of his appointment in November of 1967, his term as a district judge was to run until Judge Hepp dismissed him at his pleasure before the end of 1967, or until the voters of his judicial district rejected him at the 1970 general election, one of his required periodic retention elections.[14]

We are of the opinion that section 3 of chapter 117, SLA 1967 does not violate the provisions of article IV, section 4 of the Alaska Constitution. At the time appellant was appointed to the district court in November 1967, the existing statutory scheme did not permit him to continue as a district judge until he failed to obtain the voters' approval at a required periodic election. Under the 1966 act, appellant could

have been dismissed at Judge Hepp's pleasure at any time from his appointment on November 20, 1967, until January 1, 1968.[15] We believe this circumstance distinguishes appellant's case from the situation of a judge who assumed his office under legislation providing for a fixed term of office which is later shortened by the legislature. Appellant took his seat with no statutory requirement that he be permitted to keep it as long as a single day. Section 3 of chapter 117, SLA 1967, which was approved by the governor prior to appellant's appointment in November 1967, did not really shorten a fixed term of office but merely changed the manner of ending a term.[16] Accepting appellant's construction of the second sentence of article IV, section 4 of the Alaska Constitution, here we do not have an instance where the legislature has changed an existing term of office of a district court judge.

Appellant next advances five separate constitutional arguments in support of his contention that he was unlawfully terminated as a district judge. Initially, appellant asserts that an independent judiciary is essential to a republican form of government. Viewing section 3, chapter 117, SLA 1967 as a serious detraction from the independence of the district court and a potential threat to the independence of the entire judicial system of this state, appellant argues that this act is violative of the republican form of government guarantee of the United States Constitution.[17]

---

ber 20, 1967, and thus was sitting on September 1, 1968, for purposes of SLA 1967, ch. 117, § 3. The governor apparently made an appointment to appellant's position on December 30, 1968, under this 1967 act.

14. If appellant failed to stand for retention at one of his required periodic elections, his term as a district judge would have been terminated.

15. SLA 1966, ch. 138. Under this act, the new provisions providing for the retention or rejection of district judges by the electorate did not become effective until January 1, 1968, which was subsequent to appellant's appointment. Thus, the presiding superior court judges possessed

the power to remove, at their pleasure, district judges until January 1, 1968, at which time the retention-rejection election amendments became law.

16. Prior to appellant's November 1967 appointment to the district court, the legislature, by virtue of its enactment of sections 2 and 3 of chapter 117, SLA 1967, had clearly indicated its intent, effective September 1, 1968, to institute new procedures for the selection of district judges and to terminate the terms of all district judges who had gained office under the prior selection procedures.

17. Article IV, Section 4 of the United States Constitution says:
    The United States shall guarantee to every state in this Union a republican

It has long been the law that questions arising under the guarantee of a republican form of government are political, not judicial, which is to say that Congress decides whether a form of government is "republican." [18] On the ground of nonjusticiability, the United States Supreme Court has refused to decide whether initiative and referendum,[19] or delegation of legislative power to other branches [20] violate the republican form of government guarantee.[21] Since appellant makes no attempt to brief the effect of the case law construing the Guarantee Clause, we do not consider the point adequately raised and do not reach it.[22]

Appellant further contends that his removal from the office of district judge was contrary to the provisions of article IV, sections 10, 11, and 12 of the Alaska Constitution. Article IV, section 10 of the Alaska Constitution provides that:

> The Commission on judicial qualifications shall consist of nine members, as follows: one justice of the supreme court, elected by the justices of the supreme court; three judges of the superior court, elected by the judges of the superior court; one judge of the district court, elected by the judges of the district court; two members who have practiced law in this state for ten years, appointed by the governing body of the organized bar; and two persons who are

not judges, retired judges, or members of the state bar, appointed by the governor and subject to confirmation by a majority of the members of the legislature in joint session. In addition to being subject to impeachment under section 12 of this article, a justice or judge may be disqualified from acting as such and may be suspended, removed from office, retired, or censured by the supreme court upon the recommendation of the commission. The powers and duties of the commission and the bases for judicial disqualification shall be established by law.

Article IV, section 11 provides that "[j]ustices and judges shall be retired at the age of seventy except as provided in this article." Article IV, section 12 provides that:

> Impeachment of any justice or judge for malfeasance or misfeasance in the performance of his official duties shall be according to procedure prescribed for civil officers.

Appellant states that he was not removed under section 10, retired under section 11, or impeached under section 12. He therefore concludes that since the Constitution of Alaska makes no other provision for removal of judges during their term of office, he was improperly terminated as a district judge. We believe this contention is disposed of by our holding that section 3, chapter 117, SLA 1967 was constitutional in light of the circumstances existing at the

---

form of government, and shall protect each of them against invasion; and on application of the legislature, or of the executive (where the legislature cannot be convened) against domestic violence. Alaska Statehood Act § 3.72 Stat. 339 (1958) requires in part that "[t]he constitution of the State of Alaska shall always be republican in form."

18. Luther v. Borden, 7 How. 1, 42, 12 L.Ed. 581, 599 (1849).

19. Pacific States Tel & Telegraph Co. v. Oregon, 223 U.S. 118, 32 S.Ct. 224, 56 L.Ed. 377 (1912); Kiernan v. Portland, 223 U.S. 151, 32 S.Ct. 231, 56 L.Ed. 386 (1912).

20. Highland Farms Dairy v. Agnew, 300 U.S. 608, 612, 57 S.Ct. 549, 81 L.Ed. 835,

840 (1937); State of Ohio ex rel. Bryant v. Akron Metropolitan Park Dist., 281 U.S. 74, 80, 50 S.Ct. 228, 74 L.Ed. 710, 715 (1930).

21. *See generally* Bonfield, The Guarantee Clause of Article IV, Section 4: A Study in Constitutional Desuetude, 46 Minn.L. Rev. 513 (1962).

22. In his brief appellant states in a single conclusory sentence, without citation of any authority, that a construction of the 1967 legislation upholding his dismissal would deprive him of due process. Even if appellant's reply brief could be considered, we find the argument on this point inadequate for resolution of appellant's novel constitutional claim. Hoblit v. Greater Anchorage Area Borough, 473 P.2d 630, 632 (Alaska 1970).

time of appellant's November 1967 appointment to the district court. In short, we have previously found that under appellant's appointment of November 1967 he did not gain a fixed term of office.

We think that appellant's separation of powers argument can be disposed of on similar grounds. Appellant argues that the Alaska Constitution, by its division into separate articles of the powers of the legislative, executive, and judiciary implies a requirement of a system of separation of powers with an independent judiciary. Appellant contends that if the constitution is construed to permit the legislature to cut short the terms of district judges, then the legislature could in effect dismiss supreme court justices, as well as superior court judges by changing their qualifications during their terms.

We are of the opinion that on the particular facts of this record this potentially significant issue is not raised. Had appellant been appointed for a set term, later shortened, the issue would be raised, but appellant was appointed to serve, at least initially, at Judge Hepp's pleasure, and therefore cannot complain of having had his term shortened. By the time appellant was appointed, the legislation ousting him had been passed by the legislature and approved by the governor, though it had not yet taken effect. Appellant knew from the inception of his November 1967 appointment that he had no term of office extending until the 1970 general election.[23]

Appellant's final specification of error says:

Assuming arguendo that Section 3, Chapter 117, SLA 1967 was a constitutional exercise of legislative power, Appellant was entitled to retain his office as District Judge by virtue of the State's failure to comply with the provisions of said Act in the selection of a successor to Appellant's office.

SLA 1967, chapter 117, section 2 provided that AS 22.15.170(a) should say in part:

The governor shall fill a vacancy in an office of district judge by appointing one of two or more persons nominated by the judicial council.[24]

Appellant argues first that because the judicial council nominated only four persons for the three district judgeships in the fourth judicial district, it did not nominate sufficient persons to satisfy SLA 1967, chapter 117, section 2, which required two nominees for each of the three offices. Appellant further says that Governor Hickel's December 30, 1968, letter to Chief Justice Nesbett saying, "I am today appointing" Arthur L. Robson as district judge merely expressed an intent to appoint and did not constitute an appointment. By virtue of these actions, appellant argues that the governor failed to comply with the requirement of SLA 1967, chapter 17, section 3 that all appointments be made before January 1, 1969. Since no successor was duly appointed, appellant concludes

23. Appellant has also advanced the argument that since the district court was created pursuant to article IV, section 1 of the Alaska Constitution it is a constitutional court and under the analogous federal provision terms of judges of "constitutional courts" cannot be shortened by Congress. Therefore, appellant reasons, terms of Alaska district judges cannot be shortened by the legislature. Article IV, section 1 of the Alaska Constitution provides in part that "[t]he judicial power of the State is vested in a supreme court, a superior court, and the courts established by the legislature." Article III, section 1 of the United States Constitution provides where pertinent that "[t]he Judges, both of the Supreme and inferior Courts,

shall hold their offices during good behaviour * * *." Since Alaska's Constitution lacks a provision similar to the quoted portions of article III, section 1 of the United States Constitution, we find appellant's argument inapposite.

24. SLA 1967, ch. 117, § 3 provided that [b]eginning September 1, 1968 the Alaska Judicial Council shall accept applications for all positions as district judge with all appointments to be made before January 1, 1969. * * * The term of a district judge sitting on September 1, 1968, continues until an appointment to his position is made under this section, regardless of his qualifications under AS 22.15.160(a).

that his term never ended under SLA 1967, chapter 117, section 3.

Appellees contend that by nominating four persons for three positions, the judicial council complied with the requirement that they nominate at least two persons for each position; the governor could select from among all four nominees for the first position, from among three for the second, and between two for the third.

■ The selection procedure enacted into law by SLA 1967, chapter 117, section 2 follows the constitutional scheme of article IV, section 5 of the Alaska Constitution for appointment of supreme court justices and superior court judges. Study of the proceedings of the Constitutional Convention reveals that the framers of Alaska's Constitution intended to maximize the role of the judicial council in selection of judi-

cial candidates.[25] In light of this historical background, we are in agreement with appellee's position and hold that the judicial council's action in sending the governor only one more nominee than the number of positions to be filled in the fourth judicial district constituted compliance with the requirements of SLA 1967, chapter 117, section 2.

■ As the trial court pointed out, the statute under which Governor Hickel appointed Judge Robson prescribed no particular form of appointment.[26] Since appellant has not presented any authority or persuasive reason for holding Governor Hickel to a more formal technique of appointment than he employed, we fail to discern any merit in appellant's position that Judge Robson was not duly appointed.

Affirmed.

25 See the remarks of George M. McLaughlin, Chairman of the Committee on the Judiciary Branch, which drafted article IV. 1 Alaska Constitutional Convention Proceedings 683–84 (Dec. 12, 1955).

26. Research has disclosed no statutory or constitutional provisions which prescribe the form an appointment should follow.