**Robert H. BOHM, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 950.**

Supreme Court of Alaska.

Jan. 29, 1971.

James K. Tallman, Anchorage, for appellant.

Robert Opland, Hagans & Opland, Anchorage, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ and CONNOR, JJ.

## OPINION

DIMOND, Justice.

After the plaintiff in a civil action has completed the presentation of his evidence, his action may be dismissed under Civil Rule 41(b) if the trial judge finds that "upon the facts and the law the plaintiff has shown no right to relief."[1] In Rogge v. Weaver[2] we held that the trial judge should not grant a Civil Rule 41(b) motion to dismiss if the plaintiff has presented a prima facie case based on unimpeached evidence, even though the judge as the trier of facts may feel at that point in the trial that the plaintiff has not sustained his burden of proof.[3]

Appellant contends that the trial judge ignored our admonition in *Rogge* by dismissing his action against the state after he had completed the presentation of his evidence. Appellant claims that evidence he had presented showed he had suffered personal injuries by reason of neglect of state employees, that this evidence stood uncontradicted and was unimpeached at the close of appellant's case and, therefore, that a prima facie case of negligence and liability had been established. This being so, appellant argues that the judge was wrong in dismissing the action under Civil Rule 41(b).[4]

Appellant was a state prisoner. His action against the state was based on damage to his left hip which he said was caused by negligent conduct on the part of state employees while appellant was being transported on a truck between the city of Anchorage and the state prison farm.

1. Civil Rule 41(b) provides in part:
   After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

2. 368 P.2d 810 (Alaska 1962).

3. *Id.* at 813.

4. This case was before us earlier. We remanded to the trial court to make adequate findings of fact and conclusions of law, and in the meantime retained jurisdiction of this appeal. Bohm v. State, 453 P.2d 410 (Alaska 1969). Such findings and conclusions have now been filed.

In his complaint, appellant alleged that during a truck ride in July 1964 his left hip was injured, necessitating an osteotomy to be performed.[5] Appellant presented evidence tending to prove this allegation.

Dr. Wichman, who had treated appellant, was called as a witness by appellant. Dr. Wichman testified from x-rays and his own professional observations that appellant had been suffering from osteoarthritis of the left hip for a long time before the truck ride of July 1964, and that this condition is one which continuously deteriorates if not treated. Dr. Wichman stated that the condition of appellant's untreated hip shortly after the truck ride in July 1964 was only slightly worse than it had been about eight months earlier in November 1963. He testified that although a rough truck ride could aggravate an osteoarthritic condition, there was no indication shortly after the truck ride that there had been a recent aggravation of that condition. Dr. Wichman concluded that appellant's condition was the result of an old, rather than a recent injury.

In September 1964 Dr. Wichman performed an osteotomy of plaintiff's left hip. The plate which had been placed in appellant's hip was removed on June 16, 1965. Plaintiff alleges that subsequently rough treatment by the state caused a refracture in the hip region. The only rough treatment by the state which appellant points to is another truck ride on June 23, 1965. Appellant testified in support of this allegation.

Dr. Wichman also gave testimony on this point from his study of x-rays taken in March 1965, before the truck ride, and in July 1965, after the truck ride. His testimony tended to show that appellant's hip was in approximately the same condition after the truck ride of June 23, 1965 as it was before it.

Appellant's complaint also involved a swollen and ulcerated condition of his left leg which he alleged to have been caused during the truck ride of June 23, 1965. Appellant testified that his leg became swollen, and the incision from the recent operation on his left hip ruptured, as a result of a bumpy ride while seated on the gas tank of a truck.

Dr. Wichman testified that in his professional opinion the condition complained of was the result of a stitch abscess—an infection in the stitch itself.

In reviewing the evidence produced during the presentation of appellant's case, it is clear that appellant had not presented a prima facie case based on unimpeached or uncontradicted evidence. The testimony of his own witness, Dr. Wichman, was contradictory of appellant's testimony in that it tended to show that appellant's injuries were not caused by the truck-riding incidents which appellant complained of.

The trial judge, in reviewing the evidence at the close of appellant's case, gave greater weight to the medical testimony presented by appellant, than to appellant's own testimony. He made specific findings of fact relating to the evidentiary matters presented, and concluded that appellant had produced no evidence from which the court could conclude that any act or failure to act for which the state was responsible had caused or contributed to appellant's injuries.

Appellant has failed to point out convincingly where the findings of the trial judge are clearly erroneous. Our independent review of the record has not left us with a definite and firm conviction that the trial judge made a mistake in making the findings that he did [6] and in dismissing appellant's action under Civil Rule 41(b). The judgment is affirmed.

ERWIN, J., not participating.

5. An osteotomy involves placing a plate on the hip joint in one operation, leaving it there for a period of time, and then removing it in a separate operation.

6. Palfy v. Rice, 473 P.2d 606, 609 (Alaska 1970); State v. Phillips, 470 P.2d 266, 268 (Alaska 1970); Steward v. City of Anchorage, 391 P.2d 730, 731 (Alaska 1964).