**Fred HOLLAUS, Appellant,**

v.

**LeRee AREND and New State Lands, Inc., Appellees.**

**LaRee AREND and New State Lands, Inc., Appellants,**

v.

**Fred HOLLAUS, Appellee.**

**Nos. 1667, 1679.**

Supreme Court of Alaska.

July 9, 1973.

Ernest Z. Rehbock, Anchorage, for appellant Fred Hollaus.

Eugene V. Miller, Fairbanks, for appellee New State Lands.

James R. Blair, Fairbanks, for appellee LaRee Arend.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

OPINION

PER CURIAM.

Two issues are presented to us in this appeal and cross-appeal; namely, whether the superior court erred in denying appellant Fred Hollaus' request for specific performance of a writing [1] alleged to have

---

1. The writing in question provided:

Fairbanks, Alaska
May 29, 1969

I agree to sell to Mr. Fred Hollaus and Tony Balzac the following described real estate—74.56 acres comprising—Lot 8, S ½ SW ¼, NW ¼, NE¼ NW ¼, SW ¼, W ½ W ½ SW ¼ (less 5 acres), and the dwelling house and all other improvements situated thereon,

for the total price of $35,000 thirty five thousand dollars, with five thousand dollars ($5,000.00). I also agree to give Mr. Hollaus and Mr. Balzac an option to purchase the remaining 25 acres of the Arend homestead for $25,000. The said option to run one year from date.

/s/ LaRee C. Arend

constituted a valid contract with appellee LaRee Arend for the sale of certain of the latter's property, and whether the superior court erred in denying the request of appellee Arend for attorney's fees.

The superior court based its denial of appellant's application for specific performance of the alleged contract upon alternate holdings: that the writing was obtained through "conduct tantamount to duress," and that the provisions of the writing were too "indefinite and uncertain to be enforceable." We agree with the lower court's latter conclusion.[2]

■ It is well established that a contract "must be reasonably definite and certain as to its terms"[3] to be specifically enforceable.[4] Further, as this court recently recognized, "A greater degree of certainty is required for specific performance than for damages . . . ."[5] Here, as amply highlighted by the superior court in its "Findings of Fact," the writing in question fatally omitted or ambiguously referred to such material terms as: a precise description of the 74.56 acres to be conveyed and of the optional 25 acres; a specific reference to any down payment; terms relating to and consideration for the option; dates of sale, taking of possession, transfer of title, and commencement of payments; provisions for security; and the amount of monthly interest payments and rate of interest.

■ A contrary conclusion is not compelled by our recent decision in Rego v. Decker.[6] In Rego, we upheld the specific performance of an option to sell land agreement contained in a lease, despite the absence or uncertainty of several terms such as any provision for security. There, we resolved the difficulties presented as a result of the uncertain terms of the option by encouraging creative adjudication, by noting that a decree for specific performance "can be fashioned to provide that the plaintiff furnish adequate security for his agreed performance."[7] That is, in Rego, we recognized that "courts should fill gaps in contracts to ensure fairness where the reasonable expectations of the parties are fairly clear."[8] In the same opinion, however, we also cautioned that

> courts should not impose on a party any performance to which he did not and probably would not have agreed. Where the character of a gap in an agreement manifests failure to reach an agreement rather than a sketchy agreement, or where gaps cannot be filled with confidence that the reasonable expectations of the parties are being fulfilled, then specific enforcement should be denied for lack of reasonable certainty.[9] (Footnote omitted.)

Here, we are convinced that the "gaps" of uncertainties in the instant writing are of such character as to manifest a "failure to reach an agreement." Thus, the superior court's denial of Hollaus' request for specific performance was proper.

■ Similarly, we are persuaded that the superior court did not abuse its discretion in refusing to award attorney's fees to

---

I have received from Fred Hollaus $300.00 as earnest money, to be applied toward purchase of the 74.56 acres.

/s/ LaRee C. Arend

Payments on the remaining balance will be monthly interest plus $5.00 or more as desired by the buyers.

/s/ LaRee C. Arend

2. While we do not find that the record supports the holding that the writing was obtained through "conduct tantamount to duress," we agree with the superior court that the writing must fail for lack of definiteness and certainty.

3. Alaska Creamery Products, Inc. v. Wells, 373 P.2d 505, 510 (Alaska 1962) (contract for sale of goods).

4. Id.; Lewis v. Lockhart, 379 P.2d 618, 622 (Alaska 1963) (contract for sale of land); 5 A. Corbin, Contracts § 1174 (1964); Restatement of Contracts § 370 (1932).

5. Rego v. Decker, 482 P.2d 834, 838 (Alaska 1971).

6. Id.

7. Id.

8. Id. at 837.

9. Id. at 837–838.

Arend.[10]  Moreover, appellee Arend's proposed reading of Alaska Rule of Civil Procedure 82(a)(2) [11] overlooks the possibility that the superior court interpreted Hollaus' action as being in part a request for a money judgment,[12] and accordingly, denied attorney's fees under Alaska Rule of Civil Procedure 82(a)(1).[13]  Since we are not convinced that the superior court abused its discretion in the instant case, we conclude that the lower court's refusal to award attorney's fees to Arend was not error.

In view of our foregoing conclusions, the rulings of the superior court are affirmed.

Affirmed.

10. As we said in Dale v. Greater Anchorage Area Borough, 439 P.2d 790 (Alaska 1968), "[t]he matter of awarding attorney's fees to the prevailing party as part of the costs of an action is committed by rule to the broad discretion of the trial court."  439 P.2d at 793; *see also* Froelicker v. Hadley, 442 P.2d 51 (Alaska 1968).

11. Alaska R.Civ.P. 82(a)(2) provides:
    In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.
    In the case at bar, Arend contends that it was "manifestly unreasonable" not to

award her attorney's fees citing Palfy v. Rice, 473 P.2d 606 (Alaska 1970).

12. In his original complaint, Hollaus requested judicial relief either in the form of specific performance or money damages.

13. Alaska R.Civ.P. 82(a)(1) provides:
    Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:

    . . .

    Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.