No. 16,610.

GRAHAM *v*. SWIFT.
(228 P. [2d] 969)

Decided February 19, 1951.   Rehearing denied March 12, 1951.

Mr. CHARLES F. KEEN, Mr. WILLIAM B. NICOLAS, Mr. FLOYD K. MURR, for plaintiff in error.

Mr. ROMILLY FOOTE, Mr. ANGELO F. MOSCO, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFF in error, to whom we hereinafter refer as contestor, was the candidate of the Republican party for the office of sheriff of Huerfano county at the general election held November 7, 1950. Defendant in error, hereinafter designated as contestee, was the candidate of the Democratic party for said office. On November 16, 1950, the official canvass of votes by the board of official canvassors of said county was completed, whereby it was determined that contestee was elected to said office. Thereafter, and within the ten days provided by law for the institution of proceedings, contestor filed in the county court of said county his statement of contest, and caused summons to be issued by the clerk of said court, which summons was in the usual form. Typed in the printed form was the statement: "To contest the election for the office of Sheriff of Huerfano County, State of Colorado, as will more specifically appear from the Statement of Contest herein filed, a copy of which is hereto attached."

The return of service of this summons, duly signed and acknowledged, is as follows: "I, John B. Griffis, the affiant, being sworn, says: that affiant is over the age of eighteen years and is not a party to this action; and that affiant has duly served the within summons together with a copy of the complaint attached by delivering a copy of said summons with a copy of the Complaint or Statement of Contest attached thereto in said County and State to Claude Vallejos in the office of the said defendant, Claud Swift, on November 25, 1950."

It is admitted that the correct name of contestee is Claud Swift. The statement of contest filed in the county

court named Claude S. Swift as contestee. The defendant, to whom the summons was directed, was Claude S. Swift. Claud Swift, "appearing specially for the purpose of this motion and. for no other purpose whatsoever," filed his motion to "quash the summons issued in the above entitled and numbered action, to set aside the said summons, and to set aside the service and return thereof." Also, appearing specially, he filed a motion "to dismiss the above entitled and numbered action." The only difference in the two motions is the relief asked, one being directed to the summons, and the other to the action itself. The grounds relied upon are set forth in each motion as follows:

"(1) A copy of the said summons with a copy of the Statement of Contest of Election thereto attached has not been served on him, the said Claud Swift, and he is not now, nor has he been since the commencement of this action, in possession of a copy of the said summons.

"(2) On the 25th day of November, A. D. 1950, there was left on a desk in the office of said Claud Swift by a person or persons unknown to him a copy of a summons with a copy of a Statement of Contest of Election thereto attached in a certain action, No. 3145, in the County Court of Huerfano County, Colorado, entitled James A. Graham, Contestor, vs. Claude S. Swift, Contestee.

"(3) The said name of Claude S. Swift is not the same as Claud Swift, and the said two names do not describe, designate, or identify one and the same person.

"(4) Said Claud Swift is not known as Claude S. Swift, and he is not known by any name other than said Claud Swift.

"(5) Said attempted or purported service on Claud Swift of said copy of said summons issued in said action against one Claude S. Swift is null, void, and of no effect, and contrary to law.

"(6) This Court has acquired no jurisdiction over the

person of Claud Swift, and no orders, judgments or decree can be entered affecting said Claud Swift."

A hearing was had on said motions, in the course of which evidence was taken. Contestor asked leave to amend to show the name of contestee to be Claud Swift, instead of Claude S. Swift. This motion was denied. He also asked leave to amend the return on the summons to show that service thereof was made on "Claude Vallejos as Deputy Sheriff and as in charge of said office of Claud Swift." This motion was denied.

The trial court sustained each of the motions filed by contestee, and in so doing stated:

"The Court further finds that the written motion of Claud Swift to quash said summons, and said Claud Swift having appeared specially and not generally in this matter, is meritorious for the reason that the Court finds that said summons was not properly drawn, has the name of an unknown person as contestee, does not contain a brief statement of the cause of action, and was never legally served on the said Claud Swift and said motion is hereby sustained.

"The Court further finds as to said motion to dismiss the cause heretofore filed by the contestor that the candidate of the Democratic party for sheriff of Huerfano County, Colorado, at the general election in 1950 was Claud Swift, that there is a material difference in the names of Claud Swift and Claude S. Swift, and that there was no such person as Claude S. Swift in Huerfano County, Colorado, at the time of said election or at the present time, and that Claud Swift is not Claude S. Swift and is not and never has been known as Claude S. Swift.

"That the election laws are special and summary in their nature and require a statement of contest to be correctly drawn as to substance, and that said Claud Swift, who was said Democratic candidate for the office of Sheriff of Huerfano County, Colorado, on November 7th, A. D. 1950, and to whom a certificate of election was issued by the Clerk and Recorder of Huerfano County,

Colorado, has never been made a party contestee in this case and that said motion to dismiss is accordingly sustained."

The pertinent statute, section 283, chapter 59, '35 C.S.A., provides that the election of any person may be contested by any elector of the county, "When illegal votes have been received, or legal votes rejected at the polls, sufficient to change the result." It further is pro-. vided by said section that a contest may be instituted, "For mal-conduct, fraud, or corruption on the part of the board of registry, or judges of election, in any precinct, or ward, or any of the boards of canvassers, or on the part of any member of such boards."

Section 286, chapter 59, provides, inter alia, that the statement of contest shall set forth, "the name of the contestee; the office contested;" and "the time of the election, and the particular cause or causes of the contest." Section 287 of said chapter 59 provides for the issuance of the summons "in the ordinary form," and that the said summons shall contain "a brief statement of the cause or causes of contest, as set forth in the contestor's said statement." Service of the summons is made upon the contestee, "in the same manner as other summonses are served out of the county court." The following provision of said section 287 deserves special emphasis: "When the reception of illegal or the rejection of legal votes is alleged as the cause of the contest, a list of the number of persons who so voted, or offered to vote, shall be set forth in the statement of contestor * * *."

█ █ As appears from the trial court's findings, several grounds were stated for sustaining the motion to quash the summons and the motion to dismiss. If the dismissal of the action was proper upon any ground, whether or not the trial court relied thereon, the judgment must be affirmed. The reason assigned by the trial court may in itself be insufficient to warrant the judg-

ment, but if upon other grounds the judgment is correct, it will not be reversed because of faulty reasoning.

■ The question chiefly argued by counsel relates to the admitted mistake in naming the contestee, and it is contended by counsel for contestor that the trial court erred in denying the motion to amend by striking from the name of the contestee the middle initial "S", and the letter "e" from the name Claude as used in the statement of contest. Under the circumstances here present, we have no hesitancy in stating that the amendment should have been permitted; however, this conclusion does not dispose of the controversy.

■ The statute requires that the summons contain a brief statement of the *cause or causes* of the contest. The only attempt made to comply with this requirement in the summons is the statement that, "This is an action to contest the election for the office of Sheriff of Huerfano County, State of Colorado, as will more specifically appear from the Statement of Contest herein filed, a copy of which is hereto attached." By failure to include within the language of the summons itself a "brief statement of the cause or causes" of the contest, a serious question arises as to whether any legal summons has ever issued. An attempt is made to provide in the summons the statutory requirement of a "brief statement of the cause or causes" of the contest, by making a reference to the full statement of contest and attaching it to the summons. Although no specific motion was directed to the adequacy of the statement of contest, the sufficiency thereof was thus made a proper matter for the consideration of the court. The contestor saw fit to attach the statement to the summons and to omit any other description of the "cause or causes" of the contest in the summons itself. We do not determine the question as to whether, under this statute, the summons can be sustained as being in compliance with the requirement that it contain a statement of the "cause or causes" of the contest. Since upon the contestor's theory the state-

ment of contest was properly before the trial court, we elect to consider it here as being properly before us. If this statement of contest is insufficient to justify further proceedings before the county court, then the judgment of that court dismissing the action should be affirmed, notwithstanding the fact that no motion was presented in the trial court challenging the sufficiency of said statement, and no specification of points with relation thereto appears in this record. Rule 111 (f), Rules of Civil Procedure, provides that this court "may in its discretion notice any error appearing of record." We have long recognized the rule that this court has discretion to take notice of questions, the determination of which would necessarily be decisive in a controversy, even though such questions are not raised by counsel for either party. We said in *Universal Indemnity Ins. Co. v. Tenery,* 96 Colo. 10, 39 P. (2d) 776: "There is no assignment of error directed to this point, and ordinarily under the well settled rule, it would not be considered by us; but the court may notice questions, not raised by the assignments of error, that appear on the face of the record, when such consideration is necessary to do justice. *Baker v. Denver Tramway Co.,* 72 Colo. 233, 210 Pac. 845." See, also, 4 C.J.S., page 1734, §1239.

We note that the requirement of the statute is that the statement of contest must set forth the "particular cause or causes of the contest," and that with reference to every alleged cause of contest upon which reliance is placed by contestor, a list of the number of persons "who so voted, or offered to vote," must be set out.

The only allegations of fact contained in the statement of contest purporting to set out "the particular cause or causes of the contest," are the following:

(1) That certain election officials, "were guilty of malconduct, fraud, corruption and did illegally issue applications for absentee ballots, did illegally receive absentee ballots, did illegally and fraudulently issue ab-

sentee ballots and illegally count and tally said absentee ballots."

(2) That said election officials, "did illegally and willfully fail and refuse to deliver and permit legally registered electors for the County of Huerfano and State of Colorado to vote by absentee ballot as required by law in that said parties did fail to send absentee ballots although application was made and did further willfully and fraudulently assure said electors that oral application for the issuance of said absentee ballots was good and sufficient and did further fail to issue such electors ballots after assuring said electors that upon such oral application absentee ballots would be duly issued and sent forward."

(3) That certain election officials, "did procure the illegal and fraudulent voting of absentee ballots by electors who were not then and there legally qualified residents of the County of Huerfano and State of Colorado and others who were not qualified by reason of mental or physical incompetence and did permit same to be received and counted."

(4) That said election officials, "did as Notaries Public and officials empowered to administer oaths, execute Jurats, Oaths, Affirmations as by law required on the envelope of absentee ballots without the County of Huerfano where said Agents, Deputies, Notaries Public had no legal or lawful authority to subscribe to said oath, affirmation required by law in the voting of said absentee ballot and did further receive and count said absentee ballots contrary to the form of the Statute in such case made and provided."

It then is alleged that all of the "illegalities, irregularities and malconduct" of said election officials resulted in the counting of 598 absentee ballots, "which said number of illegal ballots so received and counted resulted in Contestee being declared elected and if said illegal ballots were not counted and computed in the final tally of said election results, Contestor would have been duly

elected and was duly legally elected by a majority in excess of 231 votes."

It is alleged in the statement of contest, in paragraph 14 thereof, as follows: "That the names of said alleged electors whose ballots were illegally applied for, received and counted for Contestee are hereto attached, marked Exhibit "A" and hereby referred to and by such reference incorporated herein and made a part hereof; and others not named as records are not available to Contestor but Contestor will supply such names when said records are available."

Exhibit "A" is entitled "List of Names of Applicants for Absentee Ballots and Voters of Absentee Ballots." It contains a list of over seven hundred names arranged in alphabetical order. Each sheet is divided into five columns headed as follows:

"Name   Precinct   Address   Place Ballot Sent   Date of
                         (Reg.)                              Application"

Under each of these headings certain information is given. Under the column entitled "Place Ballot Sent" addresses outside Huerfano county appear in most instances; however, in this column we frequently find, opposite the name of a person, the notation "Office vote." In other instances in this column we find only the notation "In person." There is nothing whatever, from the long list of names contained in Exhibit "A", to indicate how many persons therein named were not legally qualified residents of the County of Huerfano, or who were not qualified by reason of mental or physical incompetence, or who had subscribed to an oath before a person unauthorized to administer the same, and thus the statement of contest wholly failed to meet the requirements of section 287, chapter 59, '35 C.S.A.

The legal effect of all the words used by contestor in stating the "particular cause or causes" of the contest is that:

(1) Election officials failed to issue absentee ballots

upon oral application, although they had previously promised to do so. This amounts to nothing as a ground of contest and we consider it no further.

(2) Election officials permitted casting of absentee ballots by nonresidents of the county. However no identification of any of the 700-plus names is made at any point to inform the contestee of the identity of those who, it is charged, "so voted," notwithstanding their ineligibility to vote because of the ground stated.

(3) Election officials permitted the voting of absentee ballots by persons not qualified by reason of "mental or physical incompetence." Again there is no designation of those persons who, it is contended, "so voted," notwithstanding their lack of capacity to vote on account of the particular ground stated. We do not know whether it is contended that one, or a dozen, or two hundred, votes actually cast, are attacked on that ground.

(4) Election officials executed jurats in connection with absentee ballots and administered oaths outside the limits of the County of Huerfano. Here again there is a complete failure to identify any voter who "so voted," whose ballot should be disallowed for the stated cause of contest.

The purpose of the statute requiring a list of the number of persons whose votes are objected to upon specific grounds is to, "require each party to give the other notice of the names of such persons as he claims illegally voted for his competitor, and of those whose votes for himself were illegally rejected." *Schwarz v. County Court of Garfield County*, 14 Colo. 44, 23 Pac. 84. In the case of *Town of Sugar City v. Board of Commissioners*, 57 Colo. 432, 140 Pac. 809, we said, concerning the identical statute involved in the instant case:

"This provision is mandatory and must be strictly construed. The language of the statute in this particular, as well as in all other fundamental features, is not subject to amendment under the liberal provisions of the

code of civil procedure. In *Schwarz v. County Court*, 14 Colo. page 44, 23 Pac. 84, it was held that in order to give the court jurisdiction the contest statement must contain the list required by section 2312, and the opinion therein contains the following:

" 'The proceedings upon an election contest before the county judge, under the statute, are special and summary in their nature; and it is a general rule that a strict observance of the statute, so far as regards the steps necessary to give jurisdiction, must be required in such cases. The act under which these contests were instituted not having been complied with in the particular mentioned, the statements filed as the basis of the proceedings are radically defective.' "

For the reasons hereinabove stated, the judgment is affirmed.

MR. CHIEF JUSTICE JACKSON, MR. JUSTICE STONE and MR. JUSTICE HAYS dissent.

MR. JUSTICE STONE dissenting.

Without challenging the conclusion reached by the majority opinion, I think the issue as to the sufficiency of the statement of contest is not properly before the court. The only challenge raised by the motion to quash and the motion to dismiss now before us, was that of the sufficiency of service due (a) to the method of service, and (b) to the contended misnomer in the summons. I am not aware of any rule or statute or logical conclusion whereby a challenge to the jurisdiction of the person may be treated as a demurrer to the complaint under the code, or as a motion to dismiss for failure to state a claim under our present rule, and in a statutory proceeding such as here involved, I think that, except as otherwise provided in the statute, we should be guided by our customary rules of procedure.

Further, the ground upon which the judgment is here

320

affirmed was not urged or mentioned either in this court or in the trial court.

Accordingly, I must dissent.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE HAYS concur in this dissenting opinion.