**Michael W. DEASON, Plaintiff-Appellant,**

v.

**Joseph P. LEWIS, Michael Villano, Nolan Brown, Harold Bray, Jefferson County, and the State of Colorado, Defendants-Appellees.**

**No. 84CA0595.**

Colorado Court of Appeals, Div. II.

Aug. 8, 1985.

Michael W. Deason, pro se.

Hall & Evans, Alan Epstein, Denver, for defendants-appellees, Lewis, Villano and the State of Colo.

Richard J. Spelts, P.C., R. Nicholas Palmer, Richard J. Spelts, Denver, for defendants-appellees, Brown, Bray and Jefferson County.

BABCOCK, Judge.

Plaintiff, Michael W. Deason, appeals from the trial court's judgment dismissing his complaint with prejudice. We dismiss in part, affirm in part, reverse in part, and remand with directions.

The event giving rise to plaintiff's *pro se* complaint, which was filed on December 16, 1983, was an October 6, 1980 shooting of plaintiff by an officer of the Wheatridge Police Department during plaintiff's apprehension for commission of a felony. As pertinent here, the complaint alleged that defendants, Judge Joseph P. Lewis, Judge Michael Villano, District Attorney Nolan Brown, Jefferson County Sheriff Harold Bray, Jefferson County, and the State of Colorado, had violated plaintiff's civil rights by subjecting him to cruel and unusual punishment.

Pursuant to C.R.C.P. 12(b), defendants filed motions for dismissal of plaintiff's complaint. As grounds therefor, they alleged, among other things, that the State of Colorado was not a proper party; that Brown, Lewis, and Villano were immune from suit; that plaintiff's cause of action was barred because of his failure to comply with the notice provision of the Colorado Governmental Immunity Act (GIA), § 24–10–109, C.R.S. (1982 Repl. Vol 10); and that plaintiff's complaint failed to state a claim upon which relief could be granted.

Thereafter, plaintiff filed a motion to amend his complaint, tendering therewith an amended complaint which named additional defendants and set forth in more detail the facts giving rise to his claims. Defendants Lewis, Villano, and the State of Colorado responded by filing a motion to strike the amended complaint; the remaining defendants objected to the motion to amend for reasons substantially similar to those asserted against plaintiff's original complaint.

Following hearing on these motions, the trial court, with plaintiff's consent, dismissed the complaint with prejudice as to defendants Brown, Lewis, Villano, and the State of Colorado. It then found that plaintiff's failure to comply with the notice provision of the GIA barred suit against Jefferson County and its sheriff, Harold

Bray, and dismissed the complaint with prejudice as to them. The trial court denied plaintiff's motion to amend the complaint stating that plaintiff could file a separate action against those defendants not named in his original complaint.

Plaintiff appeals, contending that the trial court abused its discretion in granting the motions to dismiss with prejudice. We agree in part.

### I.

■ Initially we note that where, as here, a party consents to entry of an order or judgment, and such consent is regularly obtained, that party has no right to appeal from the order or judgment. *See Bigler v. Bigler*, 82 Colo. 463, 260 P. 1081 (1927). Accordingly, we limit our review to the trial court's order of dismissal as to defendants Bray and Jefferson County.

### II.

Insofar as plaintiff's complaint can be construed to set forth a claim in tort actionable against Bray and Jefferson County under the GIA, the trial court correctly found that plaintiff's action was barred by his failure to comply with § 24–10–109, C.R.S. (1982 Repl. Vol. 10). *See Roberts v. Boulder*, 197 Colo. 97, 589 P.2d 934 (1979).

■ Plaintiff admits that notice was not filed within 180 days of discovery of his cause of action, but argues that the notification period was extended under § 13–80–116, C.R.S. (1984 Cum.Supp.). *See Antonopoulos v. Telluride*, 187 Colo. 392, 532 P.2d 346 (1975). However, plaintiff failed to plead compliance with the notice provision, and thus, his tort claims under the GIA were insufficient and incapable of cure by amendment. *See Jones v. Northeast Durango Water District*, 622 P.2d 92 (Colo. App.1980).

■ We also reject plaintiff's argument that his failure to notify Bray and Jefferson County was the result of excusable neglect on the part of a *pro se* litigant. *See Manka v. Martin*, 200 Colo. 260, 614

P.2d 875 (1980); *Loomis v. Seely*, 677 P.2d 400 (Colo.App.1983).

### III.

Although dismissal with prejudice was proper with respect to plaintiff's claims arising under state law, we agree with plaintiff's contention that his complaint also set forth a claim for relief under 42 U.S.C. § 1983 which could not be barred by his failure to comply with the notice provision of the GIA. *See Mucci v. Falcon School District #49*, 655 P.2d 422 (Colo. App.1982).

■ In order to state a claim for relief under 42 U.S.C. § 1983 a plaintiff need only allege that (1) some person deprived him of a federal right and (2) this person acted under color of state law. *Espinoza v. O'Dell*, 633 P.2d 455 (Colo.1981). A *pro se* complaint must be liberally construed in determining whether it states a cognizable 42 U.S.C. § 1983 claim, and however inartfully pleaded, it can be dismissed for failure to state a claim only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim which would entitle him to relief. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *see also Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157 (1972). Where there is a possibility that the complaint can be amended to set forth a claim upon which relief may be granted, permission to amend should be freely granted. *Eagle River Mobile Home Park v. District Court*, 647 P.2d 660 (Colo.1982); *Smith v. Mills*, 123 Colo. 11, 225 P.2d 483 (1950); *see Espinoza v. O'Dell, supra*; C.R.C.P. 15.

### A. Cruel and Unusual Punishment

■ In the absence of an express intent to punish, particular conditions of pretrial detention reasonably related to a legitimate governmental objective, *e.g.* assuring a detainee's appearance at arraignment or trial, do not constitute punishment in the constitutional sense. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). However, where the restriction or condition appears arbitrary or excessive in

light of the assigned governmental purpose, it may constitute punishment that cannot be constitutionally inflicted. *Bell v. Wolfish, supra.* Acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs of a detainee or prisoner may be actionable under 42 U.S.C. § 1983 as violative of the constitutional prohibition of cruel and unusual punishment. *Estelle v. Gamble, supra.*

█ Here, plaintiff's *pro se* complaint alleged that Bray and Jefferson County had subjected him to cruel and unusual punishment. In support of these claims, plaintiff alleged, *inter alia*, that he had been severely wounded on October 6, 1980, by a bullet which entered the front of his right leg above the kneecap and exited through to the top of his buttock; that he was taken to a hospital for treatment but was denied medication for pain; that the hospital was forced to release him prematurely on October 7, 1980, so that he could appear in Jefferson County Court; that following release from the hospital, he was required to sit in an intake cell, too small in which to lie down, at the Jefferson County jail for two hours; and that because of his wound, sitting was an extremely painful action.

Taking these allegations to be true, it cannot be said beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief under 42 U.S.C. § 1983. *See Boag v. MacDougall,* 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); *Estelle v. Gamble, supra.* Furthermore, dismissal with prejudice of plaintiff's complaint cannot be sustained on any of the grounds asserted in Bray's motion to dismiss insofar as it adequately sets forth a claim for relief under 42 U.S.C. § 1983. *See Bolger v. Dial-A-Style Leasing Corp.,* 159 Colo. 44, 409 P.2d 517 (1966); *Graham v. Swift,* 123 Colo. 309, 228 P.2d 969 (1951). Therefore, we reverse and remand the cause for adjudication on the merits of this claim against Bray.

Finally, we reject plaintiff's contention that his complaint states a claim for relief under 42 U.S.C. § 1983 for any alleged constitutional deprivation other than that of cruel and unusual punishment.

### B. County Liability

█ In order for a local governmental body to be liable under 42 U.S.C. § 1983, a plaintiff must allege and establish that a "custom or policy" of that municipality caused plaintiff to be subjected to a deprivation of constitutional right. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wise v. Bravo,* 666 F.2d 1328 (10th Cir.1981); *Espinoza v. O'Dell, supra; see also City of Oklahoma v. Tuttle,* —— U.S. ——, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Respondeat superior is not a permissible theory on which to base municipal liability, nor is the mere right to control, without having exercised that control and without failing to supervise, enough to support a governmental body's liability under 42 U.S.C. § 1983. *Monell v. New York City Department of Social Services, supra; Wise v. Bravo, supra.* And, proof of a single incident of unconstitutional activity is insufficient to impose liability under 42 U.S.C. § 1983 unless proof of the incident includes proof that it was caused by an existing unconstitutional custom or policy of the municipality. *City of Oklahoma v. Tuttle, supra.*

█ Here, plaintiff's complaint contains no factual allegations regarding an official policy or custom which would render Jefferson County liable under 42 U.S.C. § 1983; hence, it is deficient as a matter of law. *See Espinoza v. O'Dell, supra.* Nevertheless, in light of the liberal construction rules regarding *pro se* complaints under 42 U.S.C. § 1983 and the reluctance of courts to dismiss cases concerning alleged violations of constitutional rights, *see Estelle v. Gamble, supra,* on remand, the trial court, in its sound discretion, should allow plaintiff to amend his complaint as to Jefferson County if it finds that justice so requires.

█ Finally, we reject defendants' assertion that plaintiff's failure properly to

designate Jefferson County as a party under § 30–11–105, C.R.S., constitutes a ground for dismissal with prejudice. Again, amendment should be permitted to allow adjudication on the merits of plaintiff's constitutional claims. *See Davidson v. Dill, supra; Graham v. Swift, supra; see also Espinoza v. O'Dell, supra.*

The appeal is dismissed as to defendants Lewis, Villano, Brown, and the State of Colorado. The judgment of dismissal with prejudice of plaintiff's claims in tort against Bray and Jefferson County is affirmed. We reverse the trial court's judgment dismissing plaintiff's claim for relief against Bray under 42 U.S.C. § 1983 and remand the cause for trial. As to Jefferson County, we reverse the trial court's judgment dismissing plaintiff's claim for relief under 42 U.S.C. § 1983 and remand with direction to allow plaintiff opportunity to amend his complaint to allege that the claimed constitutional deprivation resulted from a formal or informal policy, if any, adopted by Jefferson County and to designate properly Jefferson County as a party under § 30–11–105, C.R.S.

KELLY and METZGER, JJ., concur.