**Margaret P. OLIVER, Plaintiff–Appellant,**

v.

**HOMESTAKE ENTERPRISES, INC., a Colorado corporation, Defendant–Appellee.**

**No. 89CA0127.**

Colorado Court of Appeals, Div. III.

April 12, 1990.

Rehearing Denied May 10, 1990.

Certiorari Granted Dec. 10, 1990.

Richard H. Cairns, P.C., Richard H. Cairns, Denver, for plaintiff-appellant.

Pryor, Carney & Johnson, John L. Wheeler, Englewood, for defendant-appellee.

Opinion by Judge TURSI.

In this negligence action, plaintiff, Margaret P. Oliver, appeals from a summary judgment dismissing her complaint against defendant, Homestake Enterprises, Inc. We reverse and remand for further proceedings.

Plaintiff slipped and fell on an icy sidewalk near Penrose Hospital in Colorado Springs on November 15, 1984. On February 25, 1988, she filed a complaint seeking damages for her injuries and alleging that the ice had formed as a result of defendant's negligent operation of a sprinkler system which it had partially installed at the hospital.

Defendant answered and filed a motion for summary judgment on the ground that the action was barred by the statute of limitations. The trial court granted defendant's motion for summary judgment, concluding that plaintiff's failure to file her action within two years of her injury operated as a bar to her claims under Colo.Sess. Laws 1979, ch. 144, § 13–80–127 at 631 (now codified at § 13–80–104, C.R.S. (1987 Repl.Vol. 6A)).

Plaintiff contends that the two-year statute of limitations for construction defects does not apply to an action against a contractor for negligent operation of a sprinkler system. We agree.

This court recently held that § 13–80–127 applied only to negligence in planning, design, construction, supervision, or inspection that results in a *defect* in an improvement to real property that, in turn, causes injury to a claimant. Furthermore, the statute limits actions against a contractor arising from defects in an improvement, but it does not supplant the applicability of the general limitation statute for all injuries caused by a contractor's negligent conduct. *Irwin v. Elam Construction, Inc.*, 793 P.2d 609 (Colo.App.1990).

Here, plaintiff's complaint alleged that it was the contractor's negligent operation of the sprinkler system, not a construction defect, that caused her injuries. Therefore, we conclude that plaintiff's complaint

was not barred by the two-year statute of limitations applicable to contractors for construction defects. *See Irwin v. Elam Construction, Inc., supra.*

In view of our resolution of this issue, we find it unnecessary to address plaintiff's other contention.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

METZGER and CRISWELL, JJ., concur.