Paul F. RATHER, Paul L. Gonzales, Timothy M. Soncrant, Randy S. Kailey, Plaintiffs–Appellants,

v.

Tony CONTE, Captain at the Arkansas Valley Correctional Facility; Larry E. Owens, Lieutenant at the Arkansas Valley Correctional Facility; Bill Burdges, Major at the Arkansas Valley Correctional Facility; John C. Wyatt, Captain at the Arkansas Valley Correctional Facility; Richard B. Marez, Major at the Arkansas Valley Correctional Facility; all in their individual and/or official capacities, Defendants–Appellees.

No. 91CA1848.

Colorado Court of Appeals,
Div. II.

Dec. 3, 1992.
Rehearing Denied Dec. 31, 1992.
Certiorari Denied April 19, 1993.

Paul F. Rather, pro se.

Paul L. Gonzales, pro se.

Timothy M. Soncrant, pro se.

Randy S. Kailey, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jane R. Christman, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge PIERCE.

In this action alleging claims under 42 U.S.C. § 1983 (1981), plaintiffs, Paul Rather, Paul Gonzales, Timothy Soncrant, and Richard Kailey, inmates at the Arkansas Valley Correctional Facility (AVCF), appeal from a judgment of dismissal entered in favor of defendants, Terry Conte, Larry Owens, Bill Burdges, John Wyatt, and Richard Marez, employees of the Colorado Department of Corrections. We affirm.

Plaintiffs were terminated from their various jobs in the AVCF dishroom and physical plant for being absent from their work assignments in violation of certain AVCF Posted Operational Rules and Procedures. None of the plaintiffs were charged with a violation of the Department of Corrections' Code of Penal Discipline (Code), which governs disciplinary actions against inmates.

Each plaintiff filed a Step I grievance, which was denied. Plaintiffs Rather, Gonzales, and Soncrant also filed Step II grievances which were denied.

Subsequently, plaintiffs brought this *pro se* action under 42 U.S.C. § 1983 against defendants, who had either terminated them or denied their grievances, alleging that, in violation of Colorado law, they had been denied notice of the charges against them and a hearing prior to their terminations. On July 23, 1991, the trial court granted defendants' motion to dismiss.

## I.

Plaintiffs argue on appeal that the trial court erred in dismissing their complaint for failure to state a claim under § 1983. We disagree.

### A.

Plaintiffs contend that the Code requires notice of charges and a hearing before the disciplinary hearing board prior to any disciplinary action for a violation of the Code. They argue that these procedures, promulgated pursuant to Colorado statute, create an expectation of procedural rights in prison employment which is constitutionally protected. Plaintiffs conclude that because they received no notice of the charges against them and were given no hearing prior to their termination, they properly stated a claim for denial of their procedural due process rights under § 1983. We disagree.

Initially, we note that a *pro se* complaint must be liberally construed in determining whether a cognizable claim under § 1983 has been stated. Such a complaint may be dismissed for failure to state a claim only if it appears beyond doubt that a party can prove no set of facts which would entitle the party to relief. *Deason v. Lewis*, 706 P.2d 1283 (Colo.App.1985).

In order to state a claim for relief under 42 U.S.C. § 1983, a party must allege the denial of a right protected by the federal constitution by a person acting under color of state law. *Deason v. Lewis*, 706 P.2d 1283 (Colo.App.1985).

Process is not an end in itself; its constitutional purpose is to protect a substantive right to which the individual has a legitimate claim of entitlement. *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

A constitutionally protected right to state employment exists only if a statute creates a legitimate entitlement to such employment. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A state employee has a constitutionally protected right to continue in such

employment if the statute so provides in language "of an unmistakably mandatory character." *See Hewitt v. Helms,* 459 U.S. 460, 471, 103 S.Ct. 864, 871, 74 L.Ed.2d 675, 688 (1983).

■ However, the federal constitution does not create a protected liberty interest or property right to prison employment. *Ingram v. Papalia,* 804 F.2d 595 (10th Cir.1986); *see also Newsom v. Norris,* 888 F.2d 371 (6th Cir.1989).

■ Moreover, no constitutionally protected property interest in prison employment exists under Colorado law. *See Ingram v. Papalia, supra;* § 17–24–102, C.R.S. (1986 Repl.Vol. 8A).

The rules governing prison employment, promulgated pursuant to § 17–24–115, C.R.S. (1986 Repl.Vol. 8A), permit prison officials broad discretion in terminating employees for violation of AVCF rules and procedures. AVCF Procedure 202–2 provides that: "Supervisors can suspend an inmate for excessive unauthorized absence or for any other posted operational rule violation." In addition, Department of Corrections Regulation 305–3 provides that: "Inmates may be terminated from a job for documented poor work performance and/or infraction of the Code of Penal Discipline."

Furthermore, AVCF Posted Operational Rule 603–21 requires each inmate to "remain on the job during his full shift until officially released by one of the staff officers." In addition, AVCF Procedure 305–8(1)(b) states that: "All inmates on work assignments are responsible to be at their job assignments per schedule and to obtain authorization prior to leaving their assignment." In light of these rules, plaintiffs can claim no legitimate expectation of continued employment in their prison work assignments. *See Olim v. Wakinekona, supra.*

Plaintiffs further contend that *Adargo v. Barr,* 482 F.Supp. 283 (D.Colo.1980) establishes that the disciplinary procedures contained in the Code create a due process interest in prison employment. Again, we disagree.

In *Adargo,* disciplinary measures were imposed against an inmate following a hearing in which the inmate did not participate. Finding that the Code required the presence of the accused inmate at the hearing, the *Adargo* court held that the inmate was denied procedural rights created by state law in contravention of the Due Process Clause.

Here, however, no charges were filed and no disciplinary proceedings were commenced. Moreover, the AVCF procedures do not *require* that charges be filed prior to termination of an inmate employee. *See* AVCF Posted Operational Rule No. 603–21 ("any violation *may* result in disciplinary action being taken *and/or* termination"); AVCF Procedure 305–8 ("Unexcused absence and/or unexcusable delay from one point to another will subject inmate to loss of pay and *possible* disciplinary action"). Thus, unlike *Adargo,* the procedural rights created by the Code were not implicated here.

Because plaintiffs have no protected right to continued employment in their prison work assignments, the trial court did not err in dismissing their complaint for failure to state a claim under § 1983. *See Deason v. Lewis, supra.*

### B.

■ Plaintiff Kailey further contends that, since his absence from work was necessary so that he could be in the law library, he was unconstitutionally terminated in retaliation for exercising his right of access to the courts. This argument is without merit.

Kailey was terminated for his absence from his work assignment without permission, not because he was in the law library. Inasmuch as the law library was accessible for four and one-half hours after work his work assignment, Kailey's presence in the law library was not, as he suggests, necessary during his work assignment hours.

### II.

Because plaintiffs have failed to state a claim under § 1983, we do not address the remaining issues they raise.

The judgment of the trial court is affirmed.

RULAND and BRIGGS, JJ., concur.